UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| EMMANUEL CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   15-4127 |
| | ) |
| SHARLENE CARAWAY, *et al.* | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently civilly committed at Rushville Treatment and Detention Facility, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of the Fourteenth Amendment. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff is civilly committed at Rushville Treatment and Detention Facility ("Rushville" or "TDF") pursuant to the Illinois Sexually Violent Persons Commitment Act. Defendants are all employed at the TDF in various capacities.

Plaintiff alleges that in February 2014 he was placed on "special management status" and placed in an emergency mental health care room. Plaintiff alleges he was not provided blankets, sheets, and a mattress. Plaintiff alleges further that he was not provided any food. That night, Plaintiff alleges that the temperature of the room became unreasonably cold and that he was required to pace around the room to retain body heat. As a result, Plaintiff alleges he became very cold, weak, and dizzy. After approximately six (6) hours in the room, Plaintiff alleges that he fell and lost and regained consciousness several times. When awake, his pleas for help went unanswered. Eventually, another TDF resident noticed Plaintiff's condition and called for help. Plaintiff alleges he was provided emergency medical treatment at an outside hospital.

Plaintiff also alleges that in July 2015, Rushville officials did not allow his eldest sister to speak with him regarding his other

sister's death and frustrated his eldest sister's attempts to arrange for Plaintiff's attendance at the funeral.

## ANALYSIS

As a civil detainee, Plaintiff's claim arises under the Fourteenth Amendment, rather than the Eighth Amendment's proscription against cruel and unusual punishment.  Mayoral v. Sheahan, 245 F.2d 934, 938 (7th Cir. 2001).  Despite this distinction, there exists "little practical difference between the two standards."  Id. (quoting Weiss v. Cooley, 230 F.3d 1027, 1032 (7th Cir. 2000)).

A state official is liable for denying an incarcerated individual of his or her basic human needs, but only if the official is aware of and deliberately indifferent to an objectively serious risk of harm. Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir.2008).  Plaintiff must allege that the conditions at issue were "sufficiently serious" such that "a prison official's act or omission result[ed] in the denial of the minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm.  Mayoral, 245 F.3d at 938.

Liability attaches when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Heat and shelter are basic life necessities and therefore a lack of heat can violate the Constitution. Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006); Lewis v. Lane, 816 F.2d 1165, 1171 (7th Cir. 1987) ("An allegation of inadequate heating may state an eighth amendment violation."). Plaintiff alleges that the temperature in the room was unreasonably cold. When coupled with the allegations that Rushville officials did not provide bedding or a mattress, the Court cannot rule out a constitutional claim with regards to the alleged lack of heat, bedding, and food. See Wilson v. Seiter, 501 U.S. 294, 304 (1991) (low cell temperature at night combined with failure to issue blankets could amount to an Eighth Amendment violation); Farmer, 511 U.S. at 832 (deprivation of adequate food, clothing, shelter, and medical care could amount to a constitutional deprivation). In addition, Plaintiff alleges that his cries for help fell

upon deaf ears.  Therefore, the Court finds that Plaintiff states a conditions-of-confinement claim.

With regards to Plaintiff's claims related to the death of his sister, Plaintiff does not state a constitutional claim.  Plaintiff had no constitutional right to speak with his eldest sister immediately. Cf. Thomas v. Farley, 31 F.3d 557, 559 (7th Cir. 1994) (federal law does not entitle a prisoner "to compassionate leave or for that matter even to have contact with their families in the prison."). Furthermore, Plaintiff had no liberty interest in attending a family member's funeral.  See Higginbottom v. Racine Cnty. Sheriff Dep't, 2015 WL 5512952, at *6 (E.D. Wis. Sept. 17, 2015) (collecting cases).  Therefore, the Court finds that Plaintiff fails to state a claim with respect to this issue.

**IT IS THEREFORE ORDERED:**

**1)     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a constitutional conditions-of-confinement claim.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2)     This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed**

before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other

papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

**11)   The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, <u>if not already done</u>, and to attempt service on Defendants pursuant to the standard procedures.**

ENTERED:     November 19, 2015

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
